**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Donna Stewart-Eagles,** | |
| **Plaintiff,** | **Civil Action No.:** 3:15-cv-889 |
| **v.** | |
| **Delaware Solutions LLC; and DOES 1-10, inclusive,** | **COMPLAINT** |
| **Defendants.** | **June 9, 2015** |

For this Complaint, Plaintiff, Donna Stewart-Eagles, by undersigned counsel, states as follows:

<u>JURISDICTION</u>

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

4. Plaintiff, Donna Stewart-Eagles ("Plaintiff"), is an adult individual residing in Bridgeport, Connecticut, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Delaware Solutions LLC ("Delaware Solutions"), is a Delaware business entity with an address of 300 Delaware Avenue, Suite 210, Wilmington, Delaware 19803, operating as a collection agency, and is a "debt

collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Delaware Solutions and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Delaware Solutions at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     An individual allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Delaware Solutions for collection, or Delaware Solutions was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Delaware Solutions Engages in Harassment and Abusive Tactics

12.     In or around January 2015, Delaware Solutions began calling Plaintiff in an attempt to collect the Debt from "Nicole Stewart" (the "Debtor").

13.     In or around February 2015, Plaintiff informed Delaware Solutions that the Debtor did not live with her and could not be reached at her telephone

number.

14.     Delaware Solutions told Plaintiff that it would stop calling her number.

15.     Nevertheless, Delaware Solutions continued to call Plaintiff in an attempt to reach the Debtor.

**C. Plaintiff Suffered Actual Damages**

16.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22.     The foregoing acts and omissions of Defendants constitute

numerous and multiple violations of the FDCPA.

23.    Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
### Conn. Gen. Stat. § 42-110a, et seq.

24.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.    Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

26.    Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

27.    Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 9, 2015

Respectfully submitted,

4

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff